IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| SEAN HORSFALL, 1709-5, | ) | |
| Plaintiff(s), | ) | No. C 14-4953 CRB (PR) |
| vs. | ) | ORDER OF TRANSFER |
| CLIFF ALLENBY, et al., | ) | (Dkt. #3) |
| Defendant(s). | ) | |

I.

Plaintiff Sean Horsfall, a former state prisoner now civilly committed to Coalinga State Hospital after a Yuba County Superior Court jury found him to be a sexually violent predator under California's Sexually Violent Predators Act, Cal. Welf. & Inst. Code § 6600 et seq. (SVPA), has filed a pro se action under 42 U.S.C. § 1983 challenging SVPA's commitment and treatment scheme. In a nutshell, plaintiff claims that the "assessment methodology" used by defendants – all current or former officials of California's Department of State Hospitals (formerly known as the Department of Mental Health) – pursuant to SVPA to hold and determine that an individual may not take part in outpatient treatment is unconstitutional. Plaintiff seeks declaratory relief and damages in the amount of $10,000,000. Plaintiff also seeks leave to proceed in forma pauperis under 28 U.S.C. § 1915 (dkt. #3), which, based solely on his affidavit of poverty, is granted.

II.

"'Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the lawfulness of confinement or to particulars affecting its duration are the province of habeas corpus.'" Hill v. McDonough, 547 U.S. 573, 579 (2006) (quoting Muhammad v. Close, 540 U.S. 749, 750 (2004)). "An inmate's challenge to the circumstances of his confinement, however, may be brought under § 1983." Id.

Habeas is the "exclusive remedy" for the prisoner who seeks "'immediate or speedier release'" from confinement. Skinner v. Switzer, 131 S. Ct. 1289, 1293 (2011) (quoting Wilkinson v. Dotson, 544 U.S. 74, 82 (2005)); see Calderon v. Ashmus, 523 U.S. 740, 747 (1998); Edwards v. Balisok, 520 U.S. 641, 648 (1997); Preiser v. Rodriguez, 411 U.S. 475, 500 (1973). "Where the prisoner's claim would not 'necessarily spell speedier release,' however, suit may be brought under § 1983.'" Skinner, 131 S. Ct. at 1293 (quoting Wilkinson, 544 U.S. at 82). As a consequence, challenges to prison conditions traditionally have been cognizable only via § 1983, while challenges implicating the fact or duration of confinement must be brought through a habeas petition. Docken v. Chase, 393 F.3d 1024, 1026 (9th Cir. 2004).

Although plaintiff is a civilly committed patient, rather than a criminally convicted prisoner, the habeas versus § 1983 proper remedy distinction also applies. Compare Hubbart v. Knapp, 379 F.3d 773, 779-81 (9th Cir. 2004) (upholding constitutionality of SVPA against habeas challenge under 28 U.S.C. § 2254) with Hydrick v. Hunter, 669 F.3d 937, 941-42 (9th Cir. 2012) (accepting defendants' qualified immunity defense to civil committees' § 1983 challenge to their conditions of confinement). Consequently, to the extent that plaintiff seeks relief that would entitle him to immediate or earlier release from his civil commitment, he must file a petition for

2

a writ of habeas corpus under 28 U.S.C. § 2254 after exhausting state judicial remedies. See Skinner, 131 S. Ct. at 1293; see also Nelson v. Sandritter, 351 F.2d 284, 285 (9th Cir. 1965) (constitutionality of state civil commitment proceedings may be challenged in federal habeas corpus after state judicial remedies have been exhausted).  And to the extent that plaintiff seeks relief that may be construed as not necessarily requiring speedier release from his civil commitment, his § 1983 action must be brought in the Eastern District of California, where plaintiff is civilly committed at Coalinga State Hospital and where all named defendants reside.  See 28 U.S.C. §§ 84(b), 1391(b).

III.

Accordingly, IT IS ORDERED that, in the interest of justice and pursuant to 28 U.S.C. § 1406(a), this action be TRANSFERRED to the United States District Court for the Eastern District of California.

The clerk shall transfer this matter and terminate all pending motions as moot.

SO ORDERED.

DATED: Dec. 3, 2014

CHARLES R. BREYER
United States District Judge

G:\PRO-SE\CRB\CR.14\Horsfall, S.14-4953.transfer.wpd

3